UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMIC VENTURES LLC, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>SOMALOGIC, INC., et al., <br><br>    Defendants. | Case No. 23-cv-02660-VC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS** <br><br> Re: Dkt. No. 7 |

The motion to dismiss is denied regarding the breach of contract claim. The motion to dismiss is granted, with leave to amend, regarding the claims for violation of California Penal Code § 496(c), fraudulent inducement, and conversion. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

I.

The allegations about the SAFE notes and SomaLogic's payments state a plausible claim for breach of contract on their own, as Somalogic seems to concede. SomaLogic's assertions that the Letters of Transmittal displaced the SAFE notes as the operative contracts only "create a defense to the well-plead allegations in the complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Incorporating the Letters of Transmittal by reference at the motion to dismiss stage would improperly allow SomaLogic to "use the doctrine to assert [its] own version of events into the complaint to defeat otherwise cognizable claims." *Id.* Some courts have allowed the incorporation by reference of extrinsic releases that would bar the claims in the complaint, even where those releases are not mentioned. *See, e.g.*, *Birdsong v. AT&T Corporation*, No. C12-6175 TEH, 2013 WL 1120783 (N.D. Cal. March 18, 2013); *Bamforth v.*

*Facebook, Inc.*, No. 20-cv-09483-DMR, 2021 WL 4133753, *10 (N.D. Cal. Sept. 10, 2021). But that outcome in this case is inconsistent with current Ninth Circuit precedent. *See Aledlah v. S-L Distribution Company, LLC*, No. 20-cv-00234-JSC, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020).

II.

The other claims are dismissed. Although the doctrines are different, the essential reasons for dismissal are similar: while the complaint alleges that a contract has been breached, it does not sufficiently allege that SomaLogic or Palamedrix had the requisite knowledge or intent regarding the violation of the contract terms.

First, the lack of alleged criminal intent defeats the California Penal Code § 496(c) claims. The intent requirement "prevents 'ordinary commercial defaults' from being transformed into a theft" with "mere proof of nonperformance or actual falsity." *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 362 (2022). The allegations must indicate "that defendants acted not innocently or inadvertently, but with careful planning and deliberation" to receive or withhold the funds. *Id.* But the complaint only asserts in conclusory fashion that SomaLogic is possessing funds it knows are due. If anything, the allegations suggest that SomaLogic has a contrary understanding of its obligations under the SAFE notes: that it was entitled to pay in restricted stock and only obligated to start the process of the transfer of the amount due at the time the merger was completed. *See People v. Kaufman*, 17 Cal. App. 5th 370, 383 (2017) (noting that a "good faith claim of right" is inconsistent with the intent to steal). Ultimately, the plaintiffs' intent argument boils down to the notion that the plain language of the contract is so clear that this noncompliance must have been intentional theft. Regardless of whether an argument of "obvious breach" would be enough to establish criminal intent under § 496(c), these allegations do not establish that level of obviousness.[1]

---

[1] The plaintiffs repeatedly direct the Court to *Siry*, arguing that it supports their claim of criminal intent. That case also involved the withholding of money that was due under contract. But in *Siry*, there was a concerted scheme to underpay investors, involving the establishment of a separate legal entity which would receive incoming money, the charging of expenses to the

Second, the fraudulent inducement claims are dismissed because the allegations that Palamedrix had "no intent to perform" its payment obligations under the SAFE notes when they were signed are not stated with particularity. *Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (2004). Discarding conclusory allegations, Plaintiffs argue that the overall course of Palamedrix's alleged conduct before the merger as well as SomaLogic's alleged conduct during and after the merger gives rise to a plausible inference that Palamedrix knew when it asked for investment from the plaintiffs that the terms of the SAFE notes would not be met by the merger agreement. But the alleged facts do not give rise to such an inference. Ultimately, that would seem to require supporting inferences from the alleged factual matter that Palamedrix and SomaLogic were far enough along in their merger discussions by then that Palamedrix knew at the time that partial payment would be in restricted stock, that there would be a delay because of registration time, that SomaLogic would not compensate with additional stock if the value of the stock fell in the meantime, and, importantly, that Palamedrix knew that the SAFE notes did not permit that approach by SomaLogic. Or that Palamedrix had some other basis for knowing that its acquirer would not comply with the SAFE notes after the merger. There is too large a gap between the facts alleged and that conclusion. The insufficiency is especially apparent given the Federal Rules of Civil Procedure 9(b) requirement that fraud claims be plead with particularity. While a claimed conspiracy to defraud does not require the allegations to describe "participation by each conspirator in every detail in the execution," it does require more detail about the implied communication between these two parties than is given in this complaint. *Swartz v. KPMG LLP*, 476 F. 3d 756, 765 (9th Cir. 2007).

Third, the claims for conversion are precluded because they merely restate the breach of contract claims. Conversion requires that the plaintiff have "ownership or right to possession of the property"—in this case, the funds allegedly owed under the SAFE note terms. *Nguyen v. Stephens Institute*, 529 F. Supp. 3d 1047, 1058 (2021). The entitlement must be more than a

---

entity investors were entitled to cash distributions from, and a series of misrepresentations about true income and expenses ("effectively lying" to the investors). *Siry*, 13 Cal. 5th at 340.

"mere contractual right of payment." *Voris v. Lampert*, 7 Cal. 5th 1141, 1153 (2019). For a conversion claim to lie, SomaLogic must have had "an *independent duty* separate from its contractual duty" not to maintain possession of the funds. *Nguyen*, 529 F. Supp. 3d at 1058 (emphasis added) (citing *Applied Equipment Corporation v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 515 (1994)). SomaLogic argues that "conversion claims may be predicated on specific sums of money—including money or shares of stock—identified in a contract." Dkt. No. 12, at 21. It points to cases recognizing the possibility of conversion claims for "commissions and attorneys' fees—both obligations created by contracts." *Id.* But the cases it cites are more specific than that about what a conversion claim requires. For example, in *Lee v. Hanley*, the allegation was that an attorney misspent client funds that he was holding on her behalf. 61 Cal. 4th 1225, 1223–31. And in *Voris v. Lampert*, the California Supreme Court held that an ordinary scenario of unpaid wages does not state a claim for conversion. 7 Cal. 5th at 1156. Ultimately, the key is that a conversion claim must involve "asserting dominion over another person's property," rather than just "failing to pay that person the money he or she is owed." *Id.* at 1156 n.11. And the plaintiffs' allegations fit the latter mold.

    If the plaintiffs wish to file an amended complaint to attempt to cure the defects in the claims that have been dismissed, they must do so within 14 days. However, if the plaintiffs wish simply to proceed on the breach of contract claims, they are free to seek leave to add back the dismissed claims at a later time if discovery on the surviving claim gives them a good-faith basis to reassert them.

    **IT IS SO ORDERED.**

Dated: September 15, 2023

VINCE CHHABRIA
United States District Judge